(No. 37787.—

THE PEOPLE *ex rel.* The Chesapeake and Ohio Railway Company, Petitioner, *vs.* THOMAS C. DONOVAN, Judge, Respondent.

*Opinion filed January 22, 1964.*

GARDNER, CARTON, DOUGLAS & CHILGREN, of Chicago, (JOSEPH P. CARR and JOE A. SUTHERLAND, of counsel,) for petitioner.

DANIEL P. WARD, State's Attorney, of Chicago, (EDWARD J. HLADIS and RONALD BUTLER, Assistant State's Attorneys, of counsel,) for respondent.

Mr. JUSTICE SCHAEFER delivered the opinion of the court:

This original *mandamus* action is an outgrowth of an action under the Federal Employers' Liability Act which was filed in the circuit court of Cook County against the petitioner, The Chesapeake and Ohio Railway Co., by one of its employees who alleged that he was injured while performing his duties as a check clerk in Ashland, Kentucky. The respondent, the Honorable Thomas C. Donovan, judge of the circuit court, entered an order denying petitioner's motion to dismiss the action under the doctrine of *forum non conveniens*. The petitioner then sought leave to file this original action seeking the issuance of a writ of *mandamus* directing respondent to vacate his order denying petitioner's motion to dismiss and further directing him to exercise his judicial discretion in deciding the railroad's motion "on the basis of the facts presented and in accordance with the standards applicable to the dismissal of actions on the basis of *forum non conveniens*." Because the question of law presented is a recurrent one that has a serious impact upon the administration of justice, we granted leave to file.

The following undisputed facts appear from the documents submitted in connection with the motion to dismiss. The petitioner is a Virginia corporation. It is licensed to do business in Illinois, but it maintains no railroad lines here. The injured employee and six witnesses, including the three doctors who treated the employee, live 450 miles from Chicago in Ashland, Kentucky, the place where the alleged injuries were incurred. Two other witnesses live 465 and 490 miles from Chicago. The injured employee came to Chicago where he retained counsel and was examined by two orthopedic specialists.

In Cattletsburg, Kentucky, which is near Ashland, there are two courts which would have jurisdiction of the petitioner and of the cause of action: the circuit court of Boyd County, Kentucky, and the United States District Court for the Eastern District of Kentucky. The petitioner asserts that to require it to try the case in Chicago would cause sub-

stantial unnecessary expense and inconvenience to the petitioner and the witnesses, and that because of congested calendars considerable time would elapse before the case could be tried.

The respondent denied the motion to dismiss on the ground that the doctrine of *forum non conveniens* applies only when it is shown that the plaintiff's choice of forum was motivated by an actual intent to harass or vex the defendant. In reaching this conclusion he relied upon some of the language used in our opinion in *Cotton* v. *Louisville and Nashville Railroad Co.* 14 Ill.2d 144.

Such a requirement could effectively sterilize the doctrine of *forum non conveniens,* for the requisite subjective frame of mind would seldom exist, and could hardly be proved if it did. The doctrine of the convenient forum is not primarily concerned with the subjective states of mind of the litigants, nor is it designed to punish a litigant for improper motivation. The statement in the *Cotton* case, "that only where it is shown that plaintiff is motivated purely by vexation and harassment will an F.E.L.A. case be dismissed" is disavowed. The appropriate factors to be considered in ruling upon such a motion may be found in *Whitney* v. *Madden,* 400 Ill. 185, and in other portions of the *Cotton* case.

The petitioner's motion to dismiss on the basis of *forum non conveniens* called for the exercise of discretion by the respondent. While *mandamus* will not lie to direct the manner in which a judge is to exercise his discretion, (*People ex rel. Dolan* v. *Dusher,* 411 Ill. 535) it is available to compel the exercise of discretion. (*People ex rel. Atchison, Topeka and Santa Fe Railway Co.* v. *Clark,* 12 Ill.2d 515.) Judicial discretion is to be exercised "within the scope of the law," (*Whitney* v. *Madden,* 400 Ill. 185, 190,) and where the exercise of discretion has been frustrated by the application of an erroneous rule of law, this court has intervened by *mandamus* to compel the exercise of discretion in

a manner "consistent with the law." *People ex rel. Barnes v. Chytraus,* 228 Ill. 194, 200.

A writ of *mandamus* will issue directing the respondent to vacate the order denying petitioner's motion to dismiss, and to rule upon that motion in the light of the applicable legal standards.

*Writ awarded.*