[No. 3373–2–III.   Division Three.   January 22, 1980.]

SHIRLEY E. HEPTON, *Appellant,* v. ARTHUR G. HEPTON, *Respondent.*

*Neil E. Humphries* and *Humphries, Patterson & McGregor*, for appellant.

*Micheal J. Pontarolo* and *Delay, Curran & Boling*, for respondent.

GREEN, C.J.—Plaintiff's appeal presents a single question: May a defendant, without first obtaining an order of modification, reduce his child–support payment by the amount of the social security benefits paid to his child, when those benefits were earned by him after the parties' divorce?

A 1967 divorce decree ordered defendant to pay $150 each month to plaintiff for the support of their minor child. In 1976 defendant began receiving social security benefits. The Social Security Administration also sent $98 per month to plaintiff for the benefit of the child. At that time, defendant reduced his monthly support payments by $98, paying only $52 per month to plaintiff. Approximately 3 years later, plaintiff brought this action to collect these deductions. It is undisputed that defendant's contributions to social security were made after the parties' divorce.

In granting defendant's motion for summary judgment, the trial court concluded that defendant was not delinquent in his support payments as plaintiff continued to receive $150 per month from sources created by defendant after the divorce was final.

Plaintiff assigns error to this determination and relies upon *Chase v. Chase*, 74 Wn.2d 253, 259, 444 P.2d 145 (1968). There, the husband was permanently disabled

shortly after the entry of the divorce decree. The *Chase* action was instituted when he, too, reduced his support payments by the amount received by his child from social security as a result of the disability. The court held that the husband's disability and consequent entitlement to social security were factors to be considered in an action for modification of child support, but did not automatically give rise to a deduction without affirmative action by the court.

Defendant seeks to distinguish *Chase* on the ground that the benefits in that case were made possible by the husband's contributions to social security *during the marriage, i.e.,* the benefits were an asset created by the efforts of the community. Here, defendant points out that the benefits were made possible solely by his earnings after the divorce.

■ We disagree with defendant's reading of *Chase.* The *Chase* court did not base its decision on the fact that the child's social security benefits were the result of community contributions. Rather, the judgment was based on a policy determination that the courts, not the parties, should fix the amount of child support. As noted in *Chase,* the receipt of social security does not give rise to an automatic reduction of the support payment; it is one circumstance for a court to consider in deciding whether to modify a support award. Other developments may argue against modifying the decree by allowing a deduction for social security benefits. Whether modification should be granted rests in the trial court's discretion. We are bound by the decision in *Chase.*[1]

*Hisquierdo v. Hisquierdo,* 439 U.S. 572, 59 L. Ed. 2d 1, 99 S. Ct. 802 (1979), cited by defendant, is not in point. That case dealt with the question of whether benefits paid under the Railroad Retirement Act could be treated as community property. Our decision does not depend upon

---

[1]Some jurisdictions support defendant's position. *See* Annot., 77 A.L.R.3d 1315 (1977); *but see Joachim v. Joachim,* 57 App. Div. 2d 546, 393 N.Y.S.2d 63 (1977), a decision using an analysis similar to that in *Chase.*

whether the child's benefits are traceable to a community or a separate source.

Reversed and remanded.

MUNSON and MCINTURFF, JJ., concur.