THE DEPARTMENT OF PUBLIC AID *ex rel.* CAROLYN McNICHOLS, Petitioner-Appellee, v. RAYMOND J. McNICHOLS, Respondent-Appellant.

Fifth District    Nos. 5—91—0454, 5—91—0496 cons.

Opinion filed April 6, 1993.

RARICK, J., dissenting.

Howard B. Eisenberg, of Little Rock, Arkansas, for appellant.

Roland W. Burris, Attorney General, of Springfield (Rosalyn B. Kaplan, Solicitor General, and Robert G. Toews, Assistant Attorney General, of Chicago, of counsel), for appellee.

JUSTICE GOLDENHERSH delivered the opinion of the court:

Carolyn McNichols and respondent, Raymond J. McNichols, were divorced on November 8, 1983. The circuit court of Massac County awarded custody of their minor son, Mark McNichols, to Carolyn and ordered respondent to pay child support in the amount of $50 per week. Respondent ceased making the support payments in 1984 when he was incarcerated. Respondent was released from prison in February 1987. In October 1987, he reached the age of 62 and began receiving social security retirement benefits. From the time of his release from prison until 1990, respondent was unemployed. Respondent worked sporadically during 1990 and until March 1991, but since then his only income has been his social security benefits of $617 per month and some veteran's benefits.

On December 12, 1990, petitioner, the Department of Public Aid *ex rel.* Carolyn McNichols, filed a petition in the circuit court of Massac County under the Uniform Reciprocal Enforcement of Support Act (the Act) (Ill. Rev. Stat. 1989, ch. 40, par. 1201 *et seq.*), seeking to collect $17,780 in child support arrearage. After petitioner filed the petition, respondent applied for social security benefits on behalf of his son, for which the child had been eligible when respondent turned 62. In January 1991, the Social Security Administration paid Mark a lump sum of $14,213 in benefits that had accrued since October 1987. In January 1991, Mark began receiving monthly payments of $401 from the Social Security Administration.

On February 5, 1991, respondent filed a motion to dismiss petition and modify support obligation. In that motion, respondent requested that the lump-sum payment from the Social Security Administration be

applied as an offset toward his arrearage of $17,780, and that the remaining arrearage be forgiven because he lacked the financial resources to pay. Respondent further requested that the court modify its earlier child support order so that respondent's current support obligation would be satisfied by the $401 in social security benefits paid to the child.

On February 27, 1991, the circuit court entered an order modifying respondent's current obligation as respondent requested, but the court reserved the question of the arrearage. In a letter dated May 8, 1991, the circuit court ruled that respondent's support arrearage could not be offset by the $14,213 social security payment. Relying on *In re Estate of Nakaerts* (1982), 106 Ill. App. 3d 166, 435 N.E.2d 791, the circuit court stated:

> "I do not read the *Nakaerts* case as giving the trial court the discretion to offset child support arrearages with Social Security benefits. *** While I have sympathy for Mr. McNichols' predicament, I am bound to follow the law. Until it is changed, the law on this point in Illinois is *Nakaerts*. As the Appellate Court pointed out in that case, to have allowed a setoff (for Social Security benefits) would have amounted to a retroactive modification of vested support rights."

The court entered judgment against respondent on May 28, 1991, denying respondent credit for the social security benefits paid to the child.

Respondent then filed a motion for stay of enforcement. The circuit court heard the matter on June 24, 1991, and entered an order denying the motion. The court ordered respondent to pay $50 per month on the child support arrearages. This appeal followed.

Respondent contends on appeal that the trial court does have discretion to offset a child support arrearage by social security benefits paid on behalf of the child, and it is reversible error for the trial court to hold otherwise. As stated earlier, the trial court relied solely on *Nakaerts* to determine that it had no discretion to offset child support arrearages with social security benefits. In *Nakaerts*, Patricia Nakaerts filed a petition against her deceased husband's estate, requesting a surviving child's award on behalf of her minor son and asking for unpaid alimony and child support pursuant to a temporary order entered in a marriage dissolution proceeding prior to her husband's death. The trial court awarded her one sum for unpaid alimony and support and another sum as a child's award. The estate appealed that order, claiming that the trial court should have allowed credit for social security benefits the child received while decedent was totally disabled before his death. In affirming the issue, the *Nakaerts* court reasoned:

"In *Finley v. Finley* (1980), 81 Ill. 2d 317, 410 N.E.2d 12, the Illinois Supreme Court ruled that a father could not make a unilateral reduction in child support payments when one child reached his majority. In its decision, the court said it is the function of the court to determine whether equitable considerations require a *pro rata* reduction or whether other factors require a different result. 'The responsible parent should petition the court for a judicial determination of the amount the support payments should be reduced due to changed circumstances.' [Citation.] Consistent with this approach is that of the State of Washington, where the courts have held that a father was not entitled to credit against his child support payments for social security disability benefits paid to his child, in the absence of a modification of the original support order, and that the father's disability and the resulting entitlement to benefits are changes in the condition of the parties to be considered by the court but that a modification requires affirmative action by the court. *Chase v. Chase* (1968), 74 Wash. 2d 253, 444 P.2d 145; *Hepton v. Hepton* (1980), 25 Wash. App. 229, 605 P.2d 1288.

We, therefore, conclude that the trial court did not err in refusing to allow a setoff. To have done so would have amounted to a retroactive modification of vested support rights." 106 Ill. App. 3d at 170, 435 N.E.2d at 794-95.

■ We do not find the analysis used in *Nakaerts* applicable to the case at bar. In the case before us, the retroactive modification of vested support rights is not at issue. What is at issue is the discharge of vested support payments. In *Finley v. Finley* (1980), 81 Ill. 2d 317, 410 N.E.2d 12, our supreme court held that dissolution proceedings are governed by the rules of chancery. (81 Ill. 2d at 332, 410 N.E.2d at 19.) The court stated:

"[T]he allowance of interest on past-due periodic support payments is not mandatory *** but lies within the sound discretion of the trial judge, whose determination will not be set aside absent an abuse of that discretion." (81 Ill. 2d at 332, 410 N.E.2d at 19.)

Based on *Finley*, this court concluded that a trial judge has discretion in matters of discharging vested support payments. (*In re Marriage of Hardy* (1989), 191 Ill. App. 3d 685, 548 N.E.2d 139.) In reaching that conclusion, we reasoned:

"As the allowance of interest lies within the sound discretion of the trial judge, so, too, does the discharge procedure of vested support payments. The setting of this procedure, as in the award-

ing of interest, is governed by equitable considerations of chancery. There is no indication in the record that the circuit court intended to alter or reduce the arrearage in question. The circuit court's concern was with the manner of discharging voluminous obligations, not the vacation of any vested right. We therefore conclude that the setting of a procedure for discharging vested support and maintenance payments which are in arrears lies within the sound discretion of the trial judge. We will not set aside his discharge procedure absent an abuse of that discretion." *Hardy*, 191 Ill. App. 3d at 691-92, 548 N.E.2d at 143.

██ In the case at bar, there is no indication that the circuit court intended to alter or reduce the arrearage in question. The request before the trial court was to allow a setoff for social security benefits against the arrearage in child support. Such a request goes to the discharge procedure of vested support payments and not to modification of vested support rights. The decision to grant or deny respondent's request therefore lies within the sound discretion of the trial judge.

As stated earlier, the trial judge in this case believed that he had no discretion to offset respondent's vested support obligations by the social security benefits. We hold that the trial judge did have discretion to decide that issue. Error is committed when a trial court refuses to exercise discretion due to the incorrect belief that it has no discretion as to the question presented. (*People v. Queen* (1974), 56 Ill. 2d 560, 310 N.E.2d 166, citing *People ex rel. Chesapeake & Ohio Ry. Co. v. Donovan* (1964), 30 Ill. 2d 178, 195 N.E.2d 634.) On occasion, this error may be of such significance that the cause must be remanded for a new trial. (*Queen*, 56 Ill. 2d at 565-66, 310 N.E.2d at 169.) We find this to be one of those occasions, and we remand the cause before us for a new hearing on respondent's motion.

For the foregoing reasons, the order of the circuit court of Massac County is reversed, and the cause is remanded for further proceedings, specifically for the trial court to exercise its discretion concerning those matters raised in respondent's motion.

Reversed and remanded with directions.

WELCH, J., concurs.

JUSTICE RARICK, dissenting:

Contrary to the majority, I believe the reasoning of *In re Estate of Nakaerts* (1982), 106 Ill. App. 3d 166, 435 N.E.2d 791, is applicable to the situation here. Past-due child support payments are a vested right,

124

and the trial court has no right to modify them. (*In re Marriage of Hardy* (1989), 191 Ill. App. 3d 685, 690, 548 N.E.2d 139, 142.) The application of social security benefits to reduce arrearages in child support constitutes a retroactive modification of vested support rights which I do not believe the trial court had the discretionary authority to do. (See *Nakaerts*, 106 Ill. App. 3d at 170, 435 N.E.2d at 794-95.) Consequently, I must dissent with respect to the majority's holding as to respondent's past-due obligations. I recognize other States are divided on this issue (see McDaniel, Annotation, *Right to Credit on Child Support Payments for Social Security or Other Government Dependency Payments Made for Benefit of Child*, 77 A.L.R.3d 1315 (1977)), but I believe more is at stake here than merely a method of discharging vested support payments.