1999 SD 67

**Mary E. (Donovan) CRAGO, Plaintiff and Appellant,**

v.

**Thomas DONOVAN, Defendant and Appellee.**

No. 20736.

Supreme Court of South Dakota.

Considered on Briefs April 26, 1999.

Decided June 2, 1999.

Thomas E. Brady, Spearfish, South Dakota, Attorney for plaintiff and appellant.

Mitchell D. Johnson, Rapid City, South Dakota, Attorney for defendant and appellee.

MILLER, Chief Justice.

[¶ 1.] Mary Crago (Mother) appeals from an order that offsets Thomas Donovan's (Father's) child support arrearages by the increase in social security benefits paid to the children in 1992 through 1995. We affirm.

## FACTS

[¶ 2.] Mother and Father were divorced in February 1983. Mother was granted primary physical custody of their two young sons and Father was ordered to pay $200 per month child support. In December 1989 Father filed a motion to modify child support due to his development of a disability which would result in anticipated social security dependent benefits of $145 per month for each of the children. Based on an estimated amount of these anticipated payments, his support obligation was reduced to $49 per month. The actual social security payments were much lower than anticipated, and in March 1990 Mother petitioned for modification of the support obligation. An order was entered June 8, 1990 setting Father's obligation at $335 per month.[1]

[¶ 3.] No petition to modify this amount was ever filed, although social security disability benefit amounts increased after 1991. In January 1992, $68 in benefits were paid to the children. From February 1992 through August 1992, these benefits increased to $146 per month. In Sep-

---

1. Child support was set at $377, which included Father's $66 portion of the children's health insurance coverage. SDCL 25–7–6.16. This figure was then reduced by the $42 monthly social security disability benefit paid directly to Mother as the children's representative payee. The order also set Father's arrearages at $1,745 which he was ordered to pay within 48 hours.

tember of that year, they increased to $324 per month. During 1993, the monthly Social Security payments to the children were $334 and in 1994, they increased to $342 per month. From January through April 1995, these payments were their highest at $352 per month. Social Security dependent benefits terminated after April 1995. Father paid less than his court-ordered obligation of $335 per month in 1991, 1992 and 1995. In 1993 and 1994, he made no payments toward child support. By August 1997, Mother calculated that Father had accumulated $12,895 in arrearages on this obligation.

[¶ 4.] In August 1997, primary physical custody of the parties' only then-minor child transferred to Father by court order. Mother's child support obligation was set at $163.20 per month. Mother made no payments on this obligation, due to a dispute between the parties regarding Father's arrearages, and by May 1998 she had accumulated arrearages of $1,468.80. She filed a motion with the trial court for an accounting of the parties' child support obligations and asked that the court offset Father's arrearages by any amount owed by her. Instead, the trial court offset Father's arrearages by the social security benefits the children had received.

[¶ 5.] The trial court made the following findings of fact and conclusions of law:

That between June 1, 1990 and August 15, 1997, the amount of Social Security benefits payable as the result of the disability of [Father] and received by [Mother] changed from time to time, resulting in this dispute as to whether or not the net child support payable from June 1, 1990 through August 15, 1997 would remain the same pursuant to said Judgment regardless of the amount of Social Security benefits paid, *or if [Father] is entitled to a credit against his child support obligation based on the benefits paid from time to time even though there were no proceedings before this Court to amend or modify the Court's Judgment setting child support as of June 1, 1990 in the sum of $355.00 [sic] per month.* (emphasis added).

The Court finds that [Father] is entitled to an offset against his child support obligation of any and all sums received by [Mother] in the form of Social Security benefits paid as the result of the disability of [Father] to the extent of the child support payable from time to time, but never in an amount in which there would ever exist a credit balance (excess payment) of child support by [Father] to [Mother] during the time that support was payable.

The trial court determined Mother owed Father $1,119.08 "for the period of August 1998 and prior thereto" and ordered judgment against Mother in that amount as well as setting her child support obligation of $122.09 per month beginning September 1998.[2] No judgment was taken against Father.

[¶ 6.] Mother appeals and questions whether the trial court erred in applying the increase in Social Security benefits to offset Father's child support obligation.

## ANALYSIS AND DECISION

▮▮ [¶ 7.] SDCL 25–7–7.3 prohibits retroactive modification of child support.[3]

---

2. The trial court indicated that a "Schedule B" was attached to the court's findings and conclusions setting forth the total accounting of child support payments between the parties in this case. No such accounting was attached, however, Father attached to his appellate brief an accounting labeled "Schedule B." Mother does not dispute that this is the same "Schedule B" to which the trial court referred and does not raise any issue on appeal regarding error in the accounting.

3. This statute provides:

Any past due support payments are not subject to modification by a court or administrative entity of this state, except those accruing in any period in which there is pending a petition for modification of the support obligation, but only from the date that notice of hearing of the petition has been given to the obligee, the obligor, and any other parties having an interest in such matter.

*O'Grady v. O'Grady,* 1998 SD 89, ¶ 11, 582 N.W.2d 707, 709; *Kier v. Kier,* 454 N.W.2d 544, 546 (S.D.1990) (only payments subject to modification are those that accrue during time petition for modification is pending); *Olson v. Olson,* 438 N.W.2d 544, 548 (S.D.1989) (trial court erred in *sua sponte* retroactively modifying support obligation where no petition for modification had been made by the parties). Unpaid support payments become judgments by operation of law and are enforceable and entitled to full faith and credit in this state. SDCL 25-7-7.4; *Juttelstad v. Juttelstad,* 1998 SD 121, ¶ 17, 587 N.W.2d 447, 451.

[¶ 8.] On appeal, both parties rely on this Court's decisions in *Grunewaldt v. Bisson,* 494 N.W.2d 193 (S.D.1992) and *Hawkins v. Peterson,* 474 N.W.2d 90 (S.D. 1991). In *Hawkins,* we joined the majority of jurisdictions holding that Social Security disability benefits paid on behalf of a child of a disabled parent may be credited to the disabled parent's child support obligation during the period in which the benefits are received. 474 N.W.2d at 93 (citing *Newman v. Newman,* 451 N.W.2d 843, 844 (Iowa 1990)).[4] *Grunewaldt* reaffirmed this holding in a case which denied the same credit to the nondisabled parent's child support obligation. 494 N.W.2d at 195. We have never addressed the question of the effect of these payments upon a past-due support obligation.[5] This question is one of law which we review de novo. *City of Colton v. Schwebach,* 1997 SD 4, ¶ 8, 557 N.W.2d 769, 771.

[¶ 9.] North Dakota has recently addressed this issue. In *Mehl v. Mehl,* 545 N.W.2d 777 (N.D.1996), the North Dakota Supreme Court held that credit for Social Security disability payments made for the benefit of children cannot be applied retroactively toward the disabled parent's child support arrearages.

'To apply the credit to the arrearage which accrued prior to the obligor's filing of the modification application would amount to a retroactive modification of vested support rights. This we will not do. The credit should be applied at the time of the filing, however, only if the benefits are being paid to the dependent child or the child's representative payee.'

*Id.* at 780–781 (quoting *Guthmiller v. Guthmiller,* 448 N.W.2d 643, 649 (N.D. 1989)). This holding was reaffirmed recently by the North Dakota Supreme Court in *Austin v. Towne,* 560 N.W.2d 895, 898 (N.D.1997).

[¶ 10.] This issue was before the Iowa Supreme Court in 1990 in *Newman v. Newman,* 451 N.W.2d 843 (Iowa 1990). We cited *Newman* with approval in *Hawkins.* The *Newman* court held that "a disabled parent who does not seek modification of a child support obligation may not later claim 'unjust enrichment' by the custodial parent who receives social security as well as child support payments." *Id.* at 845. The *Newman* court stated that "[t]he retroactive forgiveness of child support liability that Ralph proposes would fly in the face of our long-standing rule that a court has no authority to divest the parties of rights accrued under the original decree." *Id.*

[¶ 11.] However, there exists a split of authority among jurisdictions on this issue and both North Dakota and Iowa represent the minority rule.[6] *See* Michael A.

---

4.  Social Security payments made to a child because of his or her own disability may not be credited against a parent's child support obligation. *Nelson v. Nelson,* 454 N.W.2d 533, 536–37 (S.D.1990).

5.  In *Juttelstad,* we remanded for correction of overpayment of child care expenses that had been allocated under SDCL 25-7-6.18, but distinguished the case from one in which

modification of arrearages was requested. 1998 SD 121, ¶ 17, 587 N.W.2d at 451.

6.  *See also In re Estate of Patterson,* 167 Ariz. 168, 805 P.2d 401, 404 (Ariz.Ct.App.1991); *Arnoldt v. Arnoldt,* 147 Misc.2d 37, 554 N.Y.S.2d 396, 398 (1990); *In re Marriage of Cope,* 49 Or.App. 301, 619 P.2d 883, 889 (1980); *Chase v. Chase,* 74 Wash.2d 253, 444 P.2d 145, 149 (1968); *Farley v. Farley,* 186

DiSabatino, *Right to Credit on Child Support Payments for Social Security or Other Government Dependency Payments Made for Benefit of Child,* 34 A.L.R.5th 447 (1995 & Supp. 1997). The majority rule distinguishes between "crediting an obligation with payment made from another source and increasing, decreasing or terminating or otherwise modifying a specific dollar amount." *In re Marriage of Henry,* 156 Ill.2d 541, 190 Ill.Dec. 773, 622 N.E.2d 803, 808 (1993). *See also Pacana v. State,* 941 P.2d 1263, 1266 (Alaska 1997); *Perteet v. Sumner,* 246 Ga. 182, 269 S.E.2d 453, 454 (1980); *Andler v. Andler,* 217 Kan. 538, 538 P.2d 649, 654 (1975); *Board v. Board,* 690 S.W.2d 380, 381 (Ky.1985); *Holmberg v. Holmberg,* 578 N.W.2d 817, 827 (Minn.App.1998); *Mooneyham v. Mooneyham,* 420 So.2d 1072, 1074 (Miss.1982); *Weaks v. Weaks,* 821 S.W.2d 503, 507 (Mo. 1991); *In re Marriage of Cowan,* 279 Mont. 491, 928 P.2d 214, 221 (1996); *Hanthorn v. Hanthorn,* 236 Neb. 225, 460 N.W.2d 650, 654 (1990); *Griffin v. Avery,* 120 N.H. 783, 424 A.2d 175, 177 (1980); *Mask v. Mask,* 95 N.M. 229, 620 P.2d 883, 885 (1980); *Children & Youth Services v. Chorgo,* 341 Pa.Super. 512, 491 A.2d 1374, 1380 (1985); *Pontbriand v. Pontbriand,* 622 A.2d 482, 486 (R.I.1993); *Commw. of Virginia, Dep't of Social Services v. Skeens,* 18 Va.App. 154, 442 S.E.2d 432, 435 (1994).[7] In so holding, these courts recognize that:

> Social Security benefits are paid as a result of a parent's disability and serve as a substitute for that parent's lost earning capacity.... Thus, a credit for [these] benefits does not retroactively modify the disabled parent's monthly

child support obligation; it merely changes the source of the payments.

*Cowan,* 928 P.2d at 220.[8] *See Dep't of Public Aid v. McNichols,* 243 Ill.App.3d 119, 183 Ill.Dec. 330, 611 N.E.2d 593, 595 (1993) (request for setoff of Social Security benefits against child support arrearages "goes to the discharge procedure of vested support payments and not modification of vested support rights"). Many courts have noted that applying these payments toward child support arrearages "is an equitable credit ... which is by nature different from a retroactive modification of a vested and accrued obligation." *Hanthorn,* 460 N.W.2d at 654; *Perteet,* 269 S.E.2d at 454; *Andler,* 538 P.2d at 654; *Board,* 690 S.W.2d at 382; *Griffin,* 424 A.2d at 177; *Mask,* 620 P.2d at 885. Also, courts generally hold that Social Security dependent benefit amounts in excess of the court-ordered child support are considered a gratuity to the children. *Andler,* 538 P.2d at 654; *Weaks,* 821 S.W.2d at 507.

[¶ 12.] Here, income from a source already credited to Father's share of the children's support increased. Offsetting Father's arrearages by the increase in disability benefits is in accord with this Court's precedent that such benefits paid on behalf of a child of a disabled parent may be credited to the disabled parent's child support obligation *during the period in which the benefits are received. Hawkins,* 474 N.W.2d at 93. Thus, the increased Social Security benefits were immediately effective as a credit against Father's child support obligation and could not constitute a retroactive modification.

[¶ 13.] The better practice, of course, is for the obligor parent to notify the court

W.Va. 263, 412 S.E.2d 261, 264 (1991); *Hinckley v. Hinckley,* 812 P.2d 907, 912 (Wyo. 1991).

7. Many of these states also have statutes similar to SDCL 25–7–7.3 prohibiting retroactive modification of a child support order beyond the period in which the petition for modification is pending. *See, e.g.,* 750 IllCompStat ⅚10 (a) (West 1993 & Supp 1999); KanStatAnn § 38–1597(f)(5) (1993 & Supp 1998); Ky-

RevStatAnn § 403.213(1) (Michie 1998); RI GenLaws § 15–5–16.2.4 (1996 & Supp 1998); VaCode Ann § 20–108 (Michie 1995 & Supp 1998).

8. SDCL 27–7–6.3(3) supports the view that these payments are a substitute for lost earning capacity and identifies them as a source of income to the disabled parent to be included in setting child support obligations.

whenever there is a change in Social Security dependent benefits. However, under the above rationale, it cannot be held that the trial court erred in crediting these payments against Father's child support obligation. We affirm the trial court's order and join the majority rule holding that substitution of Social Security benefits for a disabled parent's child support obligation does not constitute a retroactive modification of the original support order.

[¶ 14.] AMUNDSON, KONENKAMP and GILBERTSON, Justices, concur.

[¶ 15.] SABERS, Justice, concurs in result.

SABERS, Justice (concurring in result).

[¶ 16.] I concur in this result, even though unpaid support payments become judgments by operation of law and are enforceable, with interest from the date of each judgment. SDCL 25–7–7.4. Therefore, the monthly support, less the offset for the increase in the social security payment, plus interest on the balance, are due monthly. All other past due support payments are not subject to modification except "from the date that notice of hearing of the petition [for modification] has been given[.]" SDCL 25–7–7.3.