THE DEPARTMENT OF PUBLIC AID *ex rel.* MARCIE PINKSTON, Petitioner-Appellant, v. WILLIAM PINKSTON, Respondent-Appellee.

Second District    No. 2—00—0736

Opinion filed October 15, 2001.

James E. Ryan, Attorney General, of Chicago (Joel D. Bertocchi, Solicitor General, and Patrick W. Carlson and Diane M. Potts, Assistant Attorneys General, of counsel), for appellant.

No brief filed for appellee.

JUSTICE BOWMAN delivered the opinion of the court:

Respondent, William Pinkston, was ordered to pay child support for his dependent son, Andrew. Several years after the support order was entered, respondent was injured at work. Respondent subsequently received social security disability benefits, and Andrew, as respondent's dependent, received social security disability dependency benefits. The Illinois Department of Public Aid (IDPA) appeals an order that credited Andrew's social security disability dependency benefits against the child support arrearage that accrued before respondent was deemed disabled. We reverse and remand.

Marcie Pinkston and respondent were married in 1982, Andrew was born in 1984, and Marcie and respondent's marriage was dissolved in 1986. Marcie, who lived in Minnesota, was given custody of Andrew, and respondent was ordered to pay child support. Respondent moved to Ogle County, and Marcie subsequently petitioned the IDPA to collect Andrew's child support from respondent.

Although respondent was ordered to pay child support, respondent frequently failed to make the payments, and a large child support arrearage accrued. In January 1993, respondent's child support arrearage totaled $11,355. This arrearage amount was later reduced in February 1996 when respondent was injured while working for his employer. Respondent filed a workmen's compensation claim against his employer, and the claim subsequently was settled for $50,000. The IDPA placed a lien on this settlement, and the trial court ordered that $10,000 of the settlement was to be used to pay current and past-due child support.

As a result of the injury, respondent applied for social security disability benefits in 1999. The Social Security Administration (Administration) found that respondent was disabled and awarded respondent benefits retroactive to March 1996. In September 1999, the Administration paid respondent $26,000 in a lump sum award. The IDPA sought to have a portion of the $26,000 used to extinguish some of respondent's child support arrearage. However, respondent spent the $26,000 before the IDPA had the opportunity to place a lien on the money.

Because Andrew was respondent's dependent, the Administration sent Andrew $5,392 in social security disability dependency benefits. The majority of the $5,392 lump sum payment was credited against child support payments that were owed from March 1996 to July 1999. The IDPA recognized that $206.24 of the $5,392 was credited against respondent's child support arrearage that accrued before respondent was declared disabled, but the IDPA has chosen not to challenge that court order.

In February 2000, respondent's child support arrearage, which accrued before respondent was disabled, totaled $2,863.27. At that time, Andrew received another lump sum payment from the Administration. The lump sum payment was $1,908, and this payment was made to cover child support payments that were due during a period when respondent was deemed disabled. Nevertheless, because the $1,908 exceeded the amount of child support that was due at that time, respondent sought to reduce the child support arrearage with the lump sum payment. Relying on *Department of Public Aid ex rel. McNichols v. McNichols*, 243 Ill. App. 3d 119 (1993) (*McNichols I*), the trial court found that it had the discretion, as a matter of equity, to reduce the child support arrearage with an amount of the $1,908 lump sum payment that exceeded the current child support payments. The court ordered a partial setoff of $990, reducing the child support arrearage to $1,873.27.

The IDPA moved to reconsider, arguing that the lump sum payment could only be applied to current child support payments. Thus, the $1,908 could not be used to set off the child support arrearage of $2,863.27. At a hearing on the IDPA's motion to reconsider, respondent moved to have a portion of the $203 in social security disability dependency benefits that Andrew was then receiving per month from the Administration credited against respondent's child support arrearage. The trial court denied the IDPA's motion to reconsider and granted respondent's motion to set off the child support arrearage with a portion of the social security disability dependency benefits that Andrew was receiving every month. The court order provided that respondent's arrearage payments were increased to $100 per month and that $68 of the $100 arrearage payment would come from the social security dependency payment with the remainder being paid by respondent. This order was retroactive to March 27, 2000, which was the date respondent filed his motion to redetermine his child support arrearage. This timely appeal followed.

■ Initially, we note that respondent has failed to file a brief with this court. We will nevertheless address the issues the IDPA has raised on appeal because the issues can be decided without the aid of respondent's brief. See *First Capitol Mortgage Corp. v. Talandis Construction Corp.*, 63 Ill. 2d 128, 133 (1976). The first issue presented for our review is whether social security disability dependency benefits can be used to reduce respondent's child support arrearage when the arrearage accrued before respondent was declared disabled. We will review this issue *de novo* because it presents purely a question of law. See *In re Parentage of R.M.F.*, 275 Ill. App. 3d 43, 49 (1995).

As noted previously, the trial court found that it had the discretion

to reduce the child support arrearage with Andrew's social security disability dependency benefits. The trial court relied on *McNichols I* in reaching this conclusion. In *McNichols I*, the father's child support arrearage included an amount that accrued while the father was not disabled, and thus not receiving social security, and an amount that accrued while the father was disabled, and thus was receiving social security. *McNichols I*, 243 Ill. App. 3d at 120. The trial court found that it did not have the discretion to offset the entire child support arrearage with social security disability dependency benefits that the dependent child received. *McNichols I*, 243 Ill. App. 3d at 121. Therefore, the sole issue presented to the appellate court was whether the trial court had the discretion to credit social security disability dependency benefits against the child support arrearage. *McNichols I*, 243 Ill. App. 3d at 121. The appellate court concluded that the trial court did have the discretion to reduce the child support arrearage with the social security disability dependency benefits that the child received, and the court remanded the cause for the trial court to exercise its discretion in deciding whether, and what amount of, the social security disability dependency benefits could be used to offset the father's child support arrearage. *McNichols I*, 243 Ill. App. 3d at 123.

After *McNichols I* was decided, our supreme court resolved *In re Marriage of Henry*, 156 Ill. 2d 541 (1993). In *Henry*, the trial court specifically found that the father's child support arrearage that accrued after the father was deemed disabled would be reduced by the social security disability dependency benefits that the dependent child was receiving. *Henry*, 156 Ill. 2d at 543. The trial court then explicitly noted that by applying the social security disability dependency benefits to the arrearage in this manner the father's child support payments were only in arrears for those months predating the father's disability. *Henry*, 156 Ill. 2d at 543. The issue presented to our supreme court was whether the payment of a social security disability dependency benefit to the child and on behalf of the father satisfied the father's child support obligation. *Henry*, 156 Ill. 2d at 544. In framing this issue, the supreme court again noted that the trial court found that the child's social security disability dependency benefits only satisfied the amount of the child support arrearage that accrued while the child was receiving social security disability dependency benefits. *Henry*, 156 Ill. 2d at 545.

The supreme court affirmed the trial court and determined that a child's social security disability dependency benefits could be used to reduce the father's child support arrearage. *Henry*, 156 Ill. 2d at 551. In reaching this conclusion, the court noted that social security disability dependency benefits are not gratuitous child support payments

in and of themselves because the disabled parent actually earned the social security disability dependency benefits though labor and wages. *Henry*, 156 Ill. 2d at 550-51. Thus, the source and purpose for child support payments and social security disability dependency benefits were the same, and there was therefore no principal difference between the two methods of paying child support. *Henry*, 156 Ill. 2d at 550-51. The majority in *Henry* did not indicate specifically whether a child's social security disability dependency benefits could be credited against the father's child support arrearage that accrued *before* the father was declared disabled. However, Justice Heiple in a dissent concluded that the majority in *Henry* determined that the father should receive credit for all the social security disability dependency benefits paid to the child, and this credit should be applied against the entire child support arrearage. *Henry*, 156 Ill. 2d at 552 (Heiple, J., dissenting).

After *Henry* was decided, the supreme court directed the appellate court in *McNichols I* to reconsider its opinion in light of *Henry*. In a Supreme Court Rule 23 order (166 Ill. 2d R. 23), the appellate court cited to various passages of the *Henry* decision and remanded the cause to the trial court with directions that the trial court credit the child's social security disability dependency benefits against the father's child support obligation. *Department of Public Aid ex rel. Mc-Nichols v. McNichols*, Nos. 5—91—0454, 5—91—0496 cons. (1995) (unpublished order under Supreme Court Rule 23) (*McNichols II*). The appellate court never indicated whether the trial court could apply the social security disability dependency benefits as a credit against the child support arrearage that accrued *before* the father in *McNichols* started receiving social security benefits. Thus, the issue of whether social security disability dependency benefits can be credited against a father's child support arrearage that accrued *before* the father was declared disabled remains unresolved in Illinois.

Nevertheless, several other states have addressed the issue presented in this cause. For example, in *In re Marriage of Cowan*, 279 Mont. 491, 494, 928 P.2d 214, 216 (1996), the father was ordered to pay child support beginning in 1982. The father failed to pay child support, and an arrearage accrued. The Administration found that the father was disabled beginning in November 1992, and, thus, the Administration awarded the father social security disability benefits retroactive to May 1993. *Cowan*, 279 Mont. at 495, 928 P.2d at 217. Because the father was receiving disability payments, the Administration began paying the father's dependent children social security disability dependency benefits. These benefits were paid in a lump sum award and in monthly payments. The father argued that the lump

sum and weekly payments in excess of the father's current child support obligation should be credited against the father's child support arrearage.

The Montana Supreme Court concluded that the lump sum and weekly social security disability dependency benefits that were in excess of the father's current child support obligation could not be used to set off the child support arrearage that accrued before the father was disabled. *Cowan*, 279 Mont. at 503, 928 P.2d at 222. In reaching this conclusion, the supreme court relied on Montana administrative rules and other state court decisions that addressed this issue. *Cowan*, 279 Mont. at 502-03, 928 P.2d at 221-22. In reference to the decisions of other jurisdictions, the supreme court noted that lump sum and monthly social security disability dependency benefits that exceed a father's monthly child support obligation should not be credited against the child support arrearage that accrued before the father became disabled because, among other things, any amount in excess of the father's child support obligation is a gratuity. *Cowan*, 279 Mont. at 502, 928 P.2d at 221.

■ Several other states have reached this same conclusion. See, e.g., *Weaks v. Weaks*, 821 S.W.2d 503, 507 (Mo. 1991); *Gress v. Gress*, 257 Neb. 112, 120, 596 N.W.2d 8, 14-15 (1999); *In re Marriage of Burger*, 144 Wis. 2d 514, 527, 424 N.W.2d 691, 696-97 (1988). We too adopt this view and conclude that a child's social security disability dependency benefits cannot be credited against a father's child support arrearage when that arrearage accrued before the father was declared disabled. Because our determination of this issue resolves the appeal, we will not address the second issue that the IDPA has raised.

In reaching our conclusion, we note that in Illinois, as in *Cowan*, an amount paid in excess of a current child support obligation is a gratuity. See *Childerson v. Hess*, 198 Ill. App. 3d 395, 399 (1990) (recognizing that an amount paid in excess of a current child support obligation is a gratuity and that the portion of social security disability dependency benefits that are paid to the dependent child and that exceed the monthly child support obligation is also a gratuity). This position is consistent with the federal regulations for social security disability benefits, which recognize that social security disability dependency benefits are provided to cover the beneficiary's current maintenance expenses, such as food, clothing, shelter, and medical care. 20 C.F.R. § 404.2040 (2001). Thus, if social security disability dependency benefits are the same as wages and are to be used to cover current maintenance costs, then excess child support payments made to the child from social security disability dependency benefits cannot be applied as a credit against respondent's child support arrearage that accrued before respondent was declared disabled.

For the above reasons, the judgment of the circuit court of Ogle County allowing respondent to set off the accrued child support arrearage with Andrew's social security disability dependency benefits is reversed. We remand this cause to the trial court so that the trial court can recalculate respondent's arrearage and redetermine the amount respondent should pay per month from his own resources to extinguish the child support arrearage that accrued before respondent was declared disabled.

Reversed and remanded with directions.

HUTCHINSON, P.J., and McLAREN, J., concur.