NOTICE

Decision filed 12/27/10. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

NO. 5-09-0088

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

_____

| | | |
|---|---|---|
| *In re* MARRIAGE OF | ) | Appeal from the |
| | ) | Circuit Court of |
| KARA RASH, | ) | Williamson County. |
| | ) | |
| Petitioner-Appellee, | ) | |
| | ) | |
| and | ) | No. 99-D-62 |
| | ) | |
| JASON KING, | ) | |
| | ) | |
| Respondent-Appellant | ) | |
| | ) | Honorable James R. Moore and |
| (Larry King, Intervening Respondent- | ) | Honorable Brad K. Bleyer, |
| Appellant). | ) | Judges, presiding. |

_____

JUSTICE DONOVAN delivered the judgment of the court, with opinion.
Justices Welch and Goldenhersh concurred in the judgment and opinion.

O P I N I O N

The circuit court of Williamson County denied the joint petition of respondent and intervenor to offset respondent's obligation to pay a portion of the accrued medical expenses of his child with the child's social security dependent benefit and to terminate respondent's future medical support obligation to the child. On appeal, respondent and intervenor contend that the circuit court erred in denying a setoff where the dependent benefit was secured through respondent's contributions to social security during his years of employment and that the circuit court abused its discretion in refusing to terminate respondent's medical support obligation where undisputed evidence established that respondent had a substantial change in circumstances.

Petitioner, Kara Rash, and respondent, Jason King, were married on December 4,

1

1993. The parties have one child, Baylee, who was born on November 11, 1996. The parties' marriage was dissolved on February 17, 1999. According to the terms of the court-approved, marital settlement agreement, respondent agreed to pay $185.70 per month in child support, petitioner agreed to provide medical insurance for the minor child, and petitioner and respondent agreed to split all the medical, optical, dental, and extraordinary expenses that were not covered by medical insurance. The marital settlement agreement was made a part of the judgment of dissolution. In March 2001, the court entered an agreed order in which respondent's child support obligation was increased to $100 biweekly.

In July 2004, respondent was involved in a motor vehicle accident. He sustained severe injuries that left him permanently and totally disabled. In August 2005, Larry King, respondent's father and intervenor herein, was appointed as the guardian of respondent's estate. In November 2007, respondent learned that his application for a social security disability benefit was approved. Respondent was eligible for a monthly disability benefit retroactive to December 2004, and his child was eligible for a monthly dependent benefit retroactive to December 2004. Respondent and his child each received a lump-sum distribution as payment for the benefits that had accrued from December 2004 to November 2007. The child received a lump-sum payment of approximately $13,000. She was to receive a monthly benefit of approximately $500 during her dependency.

In September 2006, the Illinois Department of Healthcare and Family Services, Division of Child Support Enforcement, filed a participation notice indicating that it would provide child support enforcement services on behalf of petitioner. On May 22, 2008, intervenor filed a motion to intervene. Intervenor asserted that a dispute had arisen regarding whether a portion of the child's dependent benefit could be applied to offset respondent's share of the uncovered medical expenses of the child that had accrued since respondent's accident. Intervenor asserted that he had an interest in the dispute because he had been

2

appointed as the guardian of respondent's estate and he had a fiduciary responsibility to properly manage respondent's funds.

On May 28, 2008, intervenor and respondent jointly petitioned the court to terminate respondent's child support and medical support obligations and to adjudicate a setoff of the child's accrued medical expenses against the dependent benefit. Respondent and intervenor noted that petitioner had paid all the child's medical expenses since the date of respondent's accident, that petitioner had claimed that respondent's share of the uncovered medical expenses was $3,967.97, and that petitioner had demanded reimbursement of that amount. Intervenor asserted that respondent's social security disability benefit was respondent's only source of funds. Intervenor asserted that under his interpretation of pertinent regulations of the Social Security Administration, a portion of respondent's past medical support obligation should be offset by the lump-sum payment of the accrued dependent benefit to his child and that respondent's future medical obligation should be satisfied by the monthly dependent benefit. Intervenor and respondent also argued that respondent's future child support and medical support obligations should be terminated pursuant to section 510(a) of the Illinois Marriage and Dissolution of Marriage Act (Act) (750 ILCS 5/510(a) (West 2008)), due to the substantial change in respondent's circumstances.

On July 3, 2008, the circuit court entered an agreed order finding that as of January 24, 2008, respondent owed $3,954.80 in unpaid child support and interest. The court ordered respondent to satisfy the arrearage upon receiving the lump-sum payment of the accrued social security disability benefit. The court also found that there had been a substantial change in respondent's circumstances. The court ruled that respondent would not be required to pay child support as long as his only source of funds was a monthly social security disability benefit.

On August 18, 2008, petitioner filed a petition for a rule to show cause why

3

respondent should not be held in contempt for his failure to pay one-half of the uncovered medical expenses incurred on behalf of the child in the years 2005, 2006, 2007, and 2008, as required under the marital settlement agreement. Petitioner also sought an order directing respondent to pay $2,500 to cover the attorney fees she incurred in enforcing the agreement. In response, respondent claimed that his obligation to pay one-half of the medical expenses that had been incurred since December 2004 had been met because the child's dependent benefit constituted substitute income to a disabled worker's family.

On November 17, 2008, the parties filed a stipulation setting forth the pertinent facts and the contested issues. The parties acknowledged that respondent was a disabled adult and that their child was receiving a monthly dependent benefit of $514 because of respondent's disability. The parties agreed that respondent's requests to terminate his medical support obligation and to adjudicate a setoff for his share of accrued medical expenses presented questions of law that could be decided based on the stipulated facts and the legal authorities submitted by each party. In accordance with the stipulation, if the position taken by respondent and intervenor prevailed on the law, the contempt petition would be moot, and if their position failed on the law, respondent would owe $3,433.24 in accrued medical expenses, respondent would have a continuing obligation for medical support for the child, and petitioner could proceed with the contempt petition.

On December 2, 2008, the circuit court entered an order denying the request to offset respondent's obligation to pay the accrued medical expenses with the dependent benefit. The court found, "[A]ny amount in excess of the parent's monthly child support obligation paid by Social Security is a gratuity that belongs to the child and should not be set-off against a separate obligation for medical expenses." The court granted the rule to show cause and entered a judgment against respondent in the sum of $3,433.24 for the accrued, uncovered medical expenses. The court determined that there was a sufficient basis for respondent to

4

believe that he was not obligated to pay the accrued medical expenses, based on his interpretation of *In re Marriage of Henry*, 156 Ill. 2d 541, 622 N.E.2d 803 (1993), and that respondent's conduct was not wilful and contumacious. The court further found that respondent's disability constituted a substantial change in his circumstances, and the court ordered an evidentiary hearing on the petition to terminate respondent's medical support obligation. The evidentiary hearing was held on February 9, 2009. The court issued an order denying the petition on February 10, 2009.

Initially, respondent and intervenor contend that the circuit court erred in declining to offset respondent's share of the accrued medical expenses incurred on behalf of the child with the dependent benefit paid to the child, where the dependent benefit was secured through respondent's contributions to social security during his years of employment. Stated differently, the question is whether the payment of the dependent benefit to the child on behalf of respondent satisfied his obligation to pay half of the uncovered or extraordinary medical expenses that had accrued since he had been declared disabled.

The financial responsibility to support a child is the joint and several obligation of each parent. 750 ILCS 5/505(a) (West 2008). In accordance with the long-standing public policy of Illinois, the parental support of a minor child includes the duty to provide for the reasonable and necessary physical, mental, emotional, and monetary support of the child. See 750 ILCS 5/505(a) (West 2008); 750 ILCS 45/1.1 (West 2008); *People ex rel. Sheppard v. Money*, 124 Ill. 2d 265, 269, 529 N.E.2d 542, 544 (1988). In raising a child, parents have a responsibility to provide necessary expenditures for food, clothing, shelter, and medicine. *Stockton v. Oldenburg*, 305 Ill. App. 3d 897, 901, 713 N.E.2d 259, 263 (1999). Parents are also responsible for necessary medical expenses of the minor child. See 750 ILCS 5/505(a) (West 2008); 750 ILCS 65/15(a)(1) (West 2008). The provision of health insurance is another integral element of the parents' support obligation. 750 ILCS 5/505.2(b)(1) (West

2008); *Franson v. Micelli*, 172 Ill. 2d 352, 356, 666 N.E.2d 1188, 1189 (1996). The trial court has discretion to order one parent or both parents to pay a health insurance premium for the benefit of the minor child and to pay the uncovered and extraordinary medical expenses of the minor child. 750 ILCS 5/505.2(b)(3) (West 2008); *In re Keon C.*, 344 Ill. App. 3d 1137, 1146, 800 N.E.2d 1257, 1264 (2003); *In re Marriage of Raad*, 301 Ill. App. 3d 683, 688, 704 N.E.2d 964, 967 (1998).

A child is eligible for a social security dependent's benefit if the child is dependent on and receiving contributions for his or her support from an insured person. See 42 U.S.C. §402 (2006); 20 C.F.R. §404.366 (2005). Under section 404.366(a) of Title 20 of the Code of Federal Regulations, contributions for support include costs for food, shelter, routine medical care, and other ordinary and customary items needed for the maintenance of the dependent child. 20 C.F.R. §404.366(a) (2005). The insured must make contributions regularly, and the contributions must be large enough to meet an important part of ordinary living costs, such as for food, shelter, routine medical care, and similar necessities. 20 C.F.R. §404.366(a) (2005). The Social Security Administration has provided examples of appropriate expenditures for which a representative payee may use a dependent's benefit. See 20 C.F.R. §404.2040 (2005). Under section 404.2040 of Title 20 of the Code of Federal Regulations, a representative payee may apply the monthly benefit to the costs for food, shelter, clothing, medical care, and personal comfort items for the beneficiary's current maintenance. 20 C.F.R. §404.2040 (2005).

Respondent and intervenor argue that the nature and purpose of respondent's medical support obligation and that of the dependent benefit are the same and that, in accordance with the Illinois Supreme Court's decision in *In re Marriage of Henry*, the dependent benefit should have offset respondent's obligation for his share of the accrued, uncovered medical expenses of his child.

6

In *In re Marriage of Henry*, the Illinois Supreme Court was called upon to decide whether the payment of a social security dependent's benefit on behalf of the obligated parent satisfied the parent's child support obligation. *In re Marriage of Henry*, 156 Ill. 2d 541, 622 N.E.2d 803 (1993). In analyzing this issue, the supreme court considered the nature and purpose of the dependent's benefit. *In re Marriage of Henry*, 156 Ill. 2d at 550, 622 N.E.2d at 808. The supreme court determined that a social security dependent benefit was not gratuitous but, rather, was generated through the labor and earnings of the worker for the purpose of supporting his dependent children should he be unable to do so. *In re Marriage of Henry*, 156 Ill. 2d at 550-51, 622 N.E.2d at 808-09. The court concluded that because the dependent benefit was earned by the noncustodial parent, was made on behalf of that parent, and was paid with contributions from that parent's earnings, the payment of the dependent benefit satisfied the noncustodial parent's child support obligation. *In re Marriage of Henry*, 156 Ill. 2d at 552, 622 N.E.2d at 809. The dependent's benefit satisfied only the amount of the child support arrearage that accrued during the period that the dependent's benefit was received. *In re Marriage of Henry*, 156 Ill. 2d at 549-50, 622 N.E.2d at 808; *Department of Public Aid ex rel. Pinkston v. Pinkston*, 325 Ill. App. 3d 212, 757 N.E.2d 977 (2001).

The issue is this case is distinguishable from that decided in *In re Marriage of Henry*. The question in this case is whether the payment of the dependent benefit on behalf of a disabled parent satisfies that parent's obligation to pay his share of the uncovered or extraordinary medical expenses that have accrued since he was declared disabled. Following the template of the supreme court's reasoning outlined in *In re Marriage of Henry*, we have considered whether the medical support obligation and the social security dependent benefit serve similar purposes, and we have concluded that they do not.

Under the terms of the parties' marital settlement agreement, respondent was obligated to make a fixed biweekly payment of $100 in child support and petitioner and respondent

were obligated to "split all medical, optical, dental[,] and extraordinary expenses incurred by the child and not covered by insurance." A fixed monthly child support payment and a monthly social security dependent's benefit serve substantially similar purposes. *In re Marriage of Henry*, 156 Ill. 2d at 551, 622 N.E.2d at 809. Each is intended to provide for ordinary and customary items needed for the support and maintenance of a dependent child. See 750 ILCS 5/505(a)(1) (West 2008); 20 C.F.R. §404.366(a) (2005). Rent, utilities, and groceries are examples of fixed, relatively predictable, ordinary expenses that can be estimated and itemized in a family budget. In contrast, uncovered and extraordinary medical expenses are, in general, not fixed, less certain, and unpredictable costs for which it is difficult to budget. These expenses can be budget busters. In this case, the parties agreed to split the extraordinary medical expenses and included these expenses as a specific provision, separate from the child support provision, in their marital settlement agreement. After considering the nature and purpose of the social security dependent benefit and that of the medical support obligation, we cannot conclude that a dependent benefit is intended to cover unpredictable, contingent costs such as uncovered health care expenses and extraordinary expenses. Accordingly, the circuit court did not err in denying the motion to apply the dependent benefit to offset respondent's obligation to pay his share of the child's medical expenses that had accrued from December 2004 through December 2008.

Respondent and intervenor next contend that the circuit court abused its discretion in denying the petition to terminate respondent's ongoing medical support obligation where the undisputed evidence showed that respondent was totally disabled and that respondent's social security disability benefits constituted his only source of income.

When a settlement agreement is incorporated into a judgment, the underlying agreement itself remains modifiable with respect to terms involving child support. 750 ILCS 5/502(b) (West 2008). An order for child support may be modified or terminated upon a

8

showing of a substantial change in circumstances. 750 ILCS 5/510(a)(1) (West 2008). The burden of proof is on the moving party. *In re Marriage of Garrett*, 336 Ill. App. 3d 1018, 1021, 785 N.E.2d 172, 174 (2003). A change in the circumstances of the obligor parent does not necessarily constitute a substantial change in circumstances for purposes of a modification of child support. See, *e.g.*, *Edwards v. Edwards*, 125 Ill. App. 2d 91, 259 N.E.2d 820 (1970); *Gaines v. Gaines*, 106 Ill. App. 2d 9, 245 N.E.2d 574 (1969).

Once a substantial change in circumstances has occurred, then the court may proceed to consider a modification of child support in accordance with the factors set forth in section 505(a)(2) of the Act (750 ILCS 5/505(a)(2) (West 2008)). See *In re Marriage of Bussey*, 108 Ill. 2d 286, 296, 483 N.E.2d 1229, 1233 (1985). The court will consider the financial resources and needs of the child, the financial resources and needs of the custodial parent, the standard of living the child would have enjoyed had the marriage not been dissolved, the physical and emotional condition of the child and his or her educational needs, and the financial resources and needs of the noncustodial parent. 750 ILCS 5/505(a)(2) (West 2008). A petition to modify child support must be decided on the facts and circumstances of each case. A modification of child support rests within the sound discretion of the circuit court, and the court's decision will not be disturbed absent an abuse of that discretion. *In re Marriage of Bussey*, 108 Ill. 2d at 296, 483 N.E.2d at 1233; *In re Marriage of Mitteer*, 241 Ill. App. 3d 217, 608 N.E.2d 607 (1993).

In this case, there is no question that respondent had a substantial change in his circumstances, in that he was permanently and totally disabled from gainful employment as a result of a motor vehicle accident. Based on that change in respondent's circumstances, the circuit court determined that it was necessary to review the financial situation of the parties and the order of child support. During the evidentiary hearing, respondent did not establish a sufficient change in financial conditions of the parties to warrant a modification of his

9

medical support obligation. Intervenor testified that respondent's net income is $87 per month more than it was before he became disabled. Though respondent's social security disability benefit provided his sole source of funding, the evidence indicates that his disability benefit was more than he had been earning in the workforce. In addition, respondent has been relieved of his obligation to pay $100 biweekly in child support so long as he is disabled from gainful employment.

In this case, respondent did not show an increase in his obligations. Respondent did not show that the needs of the parties' child had decreased or that the economic circumstances of petitioner had increased. Given the parties' original agreement to split the medical expenses not covered by insurance, it is reasonable to assume that they recognized that neither was in an economic position to absorb the uncovered and extraordinary costs alone. There is no evidence that the available means of either party have substantially improved. On this record, we cannot conclude that the circuit court abused its discretion in denying the petition to terminate respondent's medical support obligation.

Accordingly, the judgment of the circuit court is affirmed.


Affirmed.

NO. 5-09-0088

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

| | | |
|---|---|---|
| *In re* MARRIAGE OF | ) | Appeal from the |
| | ) | Circuit Court of |
| KARA RASH | ) | Williamson County. |
| | ) | |
| Petitioner-Appellee, | ) | |
| | ) | |
| and | ) | No. 99-D-62 |
| | ) | |
| JASON KING, | ) | |
| | ) | |
| Respondent-Appellant | ) | |
| | ) | Honorable James R. Moore and |
| (Larry King, Intervening Respondent- | ) | Honorable Brad K. Bleyer, |
| Appellant). | ) | Judges, presiding. |

**Opinion Filed**:     December 27, 2010

| | |
|---|---|
| **Justices**: | Honorable James K. Donovan, J., |
| | |
| | Honorable Thomas M. Welch, J., |
| | Honorable Richard P. Goldenhersh, J., |
| | Concur |

| | |
|---|---|
| **Attorney for Appellants** | Michael L. Miles, 3200 Fishback Road, P.O. Box 907, Carbondale, IL 62903 |

| | |
|---|---|
| **Attorneys for Appellee** | Michael V. Oshel, Matthew Oshel, Oshel Law, P.C., 317 East Poplar Street, Suite C, Harrisburg, IL 62946 |