2019 IL App (3d) 180364

Opinion filed May 7, 2019

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2019

| | | |
|---|---|---|
| *In re* MARRIAGE OF | ) | Appeal from the Circuit Court |
| | ) | of the 12th Judicial Circuit, |
| ALLISON BENYON, | ) | Will County, Illinois. |
| | ) | |
| Petitioner-Appellee, | ) | Appeal No. 3-18-0364 |
| | ) | Circuit No. 16-D-1737 |
| and | ) | |
| | ) | |
| STEVEN BENYON, | ) | Honorable |
| | ) | David Garcia, |
| Respondent-Appellant. | ) | Judge, Presiding. |

JUSTICE O'BRIEN delivered the judgment of the court, with opinion.
Presiding Justice Schmidt and Justice McDade concurred in the judgment and opinion.

**OPINION**

¶ 1       The appellant former husband, Steven Benyon, appealed from a trial court order that denied his motion to reconsider a provision in the judgment for dissolution of marriage from appellee former wife, Allison Benyon, pertaining to the use of the Social Security Disability Insurance (SSDI) dependent benefit received by their minor child.

¶ 2                                   I. BACKGROUND

¶ 3       A judgment of dissolution of the marriage of the husband and the wife was entered on January 30, 2018. The trial court granted the parties shared custody of their child. At the time of

the hearing on child support, the husband had a pending workers' compensation claim. In addition, a determination had already been made that the child was entitled to SSDI dependent benefits based upon the husband's disability. The trial court took that information into consideration—as well as the parties' respective net incomes, maintenance payable by the wife, and the cost of the medical insurance provided by the wife—and determined that it was not appropriate to order either party to pay child support. However, rather than consider the child's SSDI dependent benefit as part of the husband's gross income, the court ordered that the SSDI dependent benefit be placed in a joint account to be used for the child's "excess expenses," including child care expenses, tuition and other educational expenses, excess medical expenses, and extracurricular activities. Any portion of the monthly SSDI dependent benefit that was not used for excess expenses was ordered to be saved for the child; any expenses in excess of the monthly SSDI dependent benefit were to be split equally by the parties.

¶ 4 The husband filed a motion to reconsider, arguing that the trial court erred in the application of the law by failing to include the SSDI dependent benefit in the calculation of the husband's gross income and by not applying the SSDI dependent benefit to the basic child support obligation. Further, the motion to reconsider stated that the court erred by ordering that the monthly SSDI check be placed into a joint checking account to be used solely for the excess expenses of the child, such as child care expenses, extracurricular activities, and noncovered medical expenses. The husband sought to retain the total SSDI dependent benefit, subject to his 50% obligation toward the excess expenses. The trial court denied the motion to reconsider, finding that the benefit was for the child. The trial court stated that it considered the best interest of the child in finding that the child's needs were met by the parents' incomes and ordering that

2

the benefit be put into an account for the excess expenses, with any savings to go for college. The husband appealed.

¶ 5                                     II. ANALYSIS

¶ 6        Initially, we note that the wife has failed to file an appellee's brief with this court. We will nevertheless address the issues the husband has raised on appeal because the issues can be decided without the aid of the appellee's brief. *Department of Public Aid ex rel. Pinkston v. Pinkston*, 325 Ill. App. 3d 212, 214 (2001).

¶ 7        The husband raises two issues on appeal. First, that the trial court misapplied the law in failing to add the SSDI to the husband's gross income. Second, that the trial court erred in distributing the child's SSDI dependent benefit. We review *de novo* the denial of a motion to reconsider based upon the misapplication of existing law. *In re Marriage of Figliulo*, 2015 IL App (1st) 140290, ¶ 10.

¶ 8        An SSDI dependent benefit is generated through the labor and earnings of the worker for the purpose of supporting his dependent children if he is ever unable to do so. *In re Marriage of Henry*, 156 Ill. 2d 541, 550-51 (1993). A child is eligible for an SSDI dependent benefit if the child is dependent on and receiving contributions for his or her support from an insured person. See 42 U.S.C. § 402(d) (2012); 20 C.F.R. § 404.366 (2016). The SSDI dependent benefit is intended for the current maintenance of the child. 20 C.F.R. § 404.2040(a) (2016). Pursuant to the child support provision of the Illinois Marriage and Dissolution of Marriage Act in effect when the parties' judgment of dissolution was entered, the SSDI dependent benefit was specifically required to be included in the benefit-generating parent's gross income for purposes of determining child support. Pub. Act 99-764 (eff. July 1, 2017) (amending 750 ILCS

3

5/505(a)(3)(A)). Based on this clear statutory language, we find the trial court was required to consider the SSDI benefit payment as income to the husband.

¶ 9    In this case, the trial court found that an award of child support from either party was not appropriate under the circumstances. The trial court then ordered that the SSDI dependent benefit be placed in a separate account and only be used for excess expenses, with the balance saved, potentially for college expenses.

¶ 10    Both parents have a responsibility to support their child, which includes the duty to provide for the reasonable and necessary physical, mental, emotional, and financial support. 750 ILCS 5/505(a)(3) (West Supp. 2017); *In re Marriage of Rash*, 406 Ill. App. 3d 381, 385 (2010). That responsibility encompasses providing food, clothing, shelter, and medicine. *Rash*, 406 Ill. App. 3d at 385; see also *In re Marriage of Demattia*, 302 Ill. App. 3d 390, 395 (1999) (costs of maintaining a child's standard of living includes mortgage, utilities, food, car payments, and the children's clothing).

¶ 11    In this case, the parties share equal custody of the minor child. Since the child lives with the husband half of the time, the husband has a responsibility to maintain the child's standard of living as set forth in *Rash* and *Demattia*. See *Rash*, 406 Ill. App. 3d at 385 ("The financial responsibility to support a child is the joint and several obligation of each parent."); *Demattia*, 302 Ill. App. 3d at 395 (the custodial parent is responsible for maintaining the child's standard of living). As the SSDI dependent benefit was generated through the labor and earnings of the husband and is intended for the current maintenance of the child, it should be used for such. To the extent that the SSDI dependent benefit exceeds the cost of supporting the child, any excess is considered a gratuity to the child. *Childerson v. Hess*, 198 Ill. App. 3d 395, 399 (1990). We are aware of no authority that allows a trial court to order that the SSDI dependent benefit be put into

4

an account for future needs. The husband is to use the SSDI dependent benefit for the current support of the child. Thus, we reverse the trial court's order denying the husband's motion to reconsider.

¶ 12 In granting the husband's motion to reconsider, we order that the SSDI dependent benefit be paid to the husband for the support of the child.

¶ 13 III. CONCLUSION

¶ 14 The judgment of the circuit court of Will County is reversed.

¶ 15 Reversed.