NOTICE
Decision filed 12/06/21. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

2021 IL App (5th) 170474-U

NO. 5-17-0474

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

NOTICE
This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

| | | |
|---|---|---|
| *In re* MARRIAGE OF | ) | Appeal from the |
| | ) | Circuit Court of |
| KAREN MULVIHILL, | ) | Madison County. |
| | ) | |
| Petitioner-Appellee, | ) | |
| | ) | |
| v. | ) | No. 12-D-672 |
| | ) | |
| DAVID MULVIHILL, | ) | Honorable |
| | ) | Thomas W. Chapman, |
| Respondent-Appellant. | ) | Judge, presiding. |

JUSTICE VAUGHAN delivered the judgment of the court.
Justices Welch and Moore concurred in the judgment.

**ORDER**

¶ 1    *Held*:  The circuit court did not abuse its discretion in denying the motion to modify child support.

¶ 2    David Mulvihill appeals the circuit court's denial of his motion to modify child support and motion to reconsider. For the following reasons, we affirm.

¶ 3                                    I. BACKGROUND

¶ 4    The parties were married on March 5, 1999, and two children were born of the marriage. The circuit court entered a dissolution of marriage judgment on July 11, 2014. At that time, David worked for Washington University and operated a business named Mulvihill Technologies, a sole

proprietorship owned by David. Karen Mulvihill was employed as an assistant principal by Mascoutah CUSD 19.

¶ 5     For purposes of the child support obligation, the court noted that David's monthly net income from Washington University was $5385.04. Tax records revealed David's annual earnings from Mulvihill Technologies as $12,930 in 2011, $4720 in 2012, $4320 in 2013, and $500, to date, in 2014. After considering the overall functioning of Mulvihill Technologies, the court found David earned $4200 per year in net income from that enterprise, bringing his total monthly net income to $5735.04. The court determined the statutory percentage of 28% of David's net income for his two children was appropriate to meet the financial needs of the children (see 750 ILCS 5/505(a)(1)-(2) (West 2014)) and ordered David to pay $1605.92 per month to Karen in child support.

¶ 6     At the time of the original child support order, the Illinois Marriage and Dissolution of Marriage Act (Act) required courts to utilize a percentage-of-obligor-income model to compute the child support obligation. See *id.* § 505(a)(1). Pursuant to the Act in 2014, a noncustodial parent with two children was required to pay 28% of his net income to the custodial parent. *Id.* Subsequently, Public Act 99-764 (eff. July 1, 2017) and Public Act 100-15 (eff. July 1, 2017) amended the Act to require an "income shares" model, effective July 1, 2017. Under this model, the court computes child support obligations by determining the parents' percentage shares based off their combined monthly net income. Pub. Act 100-15 (eff. July 1, 2017) (adding 750 ILCS 5/505(a)(1.5)).

¶ 7     On July 6, 2017, David emailed Karen, informing her that he would be filing for modified child support payments due to the upcoming eighteenth birthday of one of their children. The email noted, "The law has changed with regard to support calculations ***. In order to perform the

2

calculations for the court I require your July paycheck details (because both incomes are used in the calculation)." The next day, Karen responded, stating that she would send her most recent pay stub and that her attorney "said that the new law is not considered reason enough in and of itself to modify child support."

¶ 8    On July 28, 2017, David filed a motion for modification of child support. David alleged that as of July 25, 2017, he ceased doing business under the assumed name of Mulvihill Technologies, creating a significant change in financial status that warranted a child support review. The motion listed David's monthly gross income as "$9,970, a 25% increase from what was used to calculate child support in the Dissolution of Marriage," and Karen's monthly gross income as $6727. Because of the closure of Mulvihill Technologies and the increase of his income from Washington University, the motion argued that David's financial status significantly changed warranting child support review. Based on the parties' current monthly income and 50/50 custody, the motion requested, *inter alia*, that David's child support be lowered to $259.58. David attached a supplementary certificate, filed in Madison County on July 25, 2017, that indicated that David ceased doing business under the assumed name of Mulvihill Technologies. David also attached the "Shared Physical Care Support Obligation Worksheet" (worksheet), taken from the Illinois Department of Healthcare and Family Services website, that he filled out using the parties' updated monthly gross income. The worksheet calculated David's child support obligation as $259.58.

¶ 9    On August 31, 2017, a hearing was held on David's motion to modify child support. From the outset, David explained that he recalculated his obligation, using the worksheet, because the paycheck submitted to him by Karen was incorrect. He therefore clarified that the correct child support obligation for him according to the new law was $340.45.

3

¶ 10    Karen testified, *inter alia*, that David filed the motion to modify only to take advantage of the amendment to the Act. In support of her position, Karen relied on David's July 6, 2017, email. David contended that his motion was not based on the change in law. He argued that he intended to file the motion on the basis that his daughter was turning 18 and, in researching that issue, he realized the amendment would apply if the motion was granted. David further explained that, after researching the issue, he decided to file the motion only on the basis of the change in his finances.

¶ 11    On September 7, 2017, the court entered an order denying David's motion to modify child support. The court found David's underlying reason for filing the motion to modify child support was his belief that the change in the statute would yield him the benefit of a decreased child support obligation. It reasoned the timing of David's motion and email, as well as his request for a lower child support obligation based on an increased income, led to the conclusion that the statutory change was the reason for filing for modification.

¶ 12    The order stated that the court viewed the motives for filing the modification "to the extent they shed light on the credibility of movant in connection with the implicit issue of good faith attendant to a claimed decrease in income." The court reasoned that David's July 6, 2017, email said nothing about the dissolution of his business, which called into question his decision to close his business. The court found David's alleged reason to dissolve his business was not credible and that his decision to dissolve his business lacked good faith and was voluntary.

¶ 13    Additionally, the court found a change in circumstances under the statute was not proven. It stated:

> "In any event, [David] did not prove that either the increase in his income at Washington University would result in a significant enough change to be consequential under the new guidelines, or that the decrease in income, if any, from

4

the closing of his side business, would result in a significant enough change to be consequential under the new guidelines. ***

* * *

*** It may very well be the case that [David's] income went up more at Wash U than it went down when he voluntarily shut down his business. [David] chose not to submit sufficient facts on the particulars of his recent income, if any, related to the business, and his motion can therefore can [*sic*] only properly be denied.

***

*** There was no evidence that [David] shut down his business in July 2017, or that his income from Wash U went up specifically in July 2017, but it is the case that the statutory change took place in July 2017, and that was when [David] was motivated to act.

Regardless of the real reason or motivation of [David] for claiming changed circumstances, and the extent that such sheds light on his good faith in terminating his side business, there was insufficient proof of changed circumstances within the meaning of the law.

***

*** [David] having presented no (or insufficient) cognizable evidence of a substantial change in circumstances since the last relevant order warranting a modification of child support, the court hereby denies the petition to modify child support."

¶ 14    On September 27, 2017, David filed a motion to reconsider modification of child support. The motion claimed that David did not know how the change in law would impact his support

5

obligations because the law required income from both parents to complete the calculation and he did not have Karen's income at the time of his July 6, 2017, email. David alleged that he "never wrote, said or implied that the reason [he] was filing was **because** the law changed." (Emphasis in original.) Rather, he stated his intent to file for modification was based on his mistaken belief that his daughter's eighteenth birthday would change his child support obligation. The subsequent statement that the new law would apply was an incidental fact.

¶ 15 The motion further alleged that David did not have any income from Mulvihill Technologies over the last three years, in large part due to the time needed to prepare for these court proceedings and an appeal from a previous order. David further asserted that, despite the court's contention, the increase in his Washington University income and decrease from the closure of his business was not net zero. The motion provided a table that indicated that David received no income from Mulvihill Technologies in 2014 and 2017 and received a 24.6% monthly increase in income from Washington University between 2014 and 2017. Citing *In re Marriage of Kowski*, 123 Ill. App. 3d 811, 814 (1984), David contended a net change of 24% was a substantial change warranting modification of child support. The motion requested, *inter alia*, that the court reconsider lowering David's child support obligation to $340.45.

¶ 16 David attached several documents to his motion to reconsider. Among those documents were several of David's tax returns. His 2014 tax return showed that David earned $87,375 from Washington University, and Mulvihill Technologies lost $956 in 2015 and $1153 in 2016. An August 2017 paycheck revealed David received $10,334,02 in monthly gross income. An email from Washington University's director of operations revealed that David received a 4.25% salary increase in July of 2017, raising his yearly salary to $124,728.27. Another August 2017 paycheck

6

revealed Karen received $6375 in monthly gross income. David also attached an updated worksheet that calculated his child support obligation to $340.45.

¶ 17 To support his allegation that he attempted to make Mulvihill Technologies successful and closed it in good faith, David attached a letter from Krishagni LLC that stated the chief executive officer met with David in early May 2017 to discuss potential opportunities to collaborate; however, "[d]iscussions did not materialize into any work performed." He also attached an email, dated 2014, requesting work from a Dave Gibson.

¶ 18 The court denied David's motion to reconsider. This appeal followed.

¶ 19                                    II. ANALYSIS

¶ 20 On appeal, David argues that the court erred in finding that (1) his motivation to file the motion to modify was based on the statutory change in calculating child support, (2) he closed his business in bad faith, and (3) he failed to prove his income substantially changed. Even assuming David's contentions are correct, we nevertheless affirm the court's decision by applying well-established law. *In re Marriage of Harms*, 2018 IL App (5th) 160472, ¶ 36 ("We may affirm the court's ruling on any basis appearing in the record, even if it was not the basis relied upon by the court.").

¶ 21 Under section 510(a) of the Act, the court may grant a petition for modification of an order "upon a finding of a substantial change in circumstances." 750 ILCS 5/510(a) (West Supp. 2017). The court's determination regarding a substantial change in circumstances is given great deference and will be reversed only where no reasonable person would agree with it. *In re Marriage of Connelly*, 2020 IL App (3d) 180193, ¶ 13; *In re Marriage of Garrett*, 336 Ill. App. 3d 1018, 1020 (2003).

7

¶ 22    The determination of whether a substantial change in circumstances was shown is a fact specific inquiry that is not rendered to a precise formula. *In re Marriage of Solecki*, 2020 IL App (2d) 190381, ¶ 73. Not all changes warrant modification. *In re Marriage of Connelly*, 2020 IL App (3d) 180193, ¶ 18. "Changes in circumstances warrant modification of child support only when 'equitable action by the court' is necessary to protect the children's best interests." *Id.* (citing *In re Marriage of Singleteary*, 293 Ill. App. 3d 25, 35 (1997)); *In re Marriage of Solecki*, 2020 IL App (2d) 190381, ¶ 73. The party seeking modification has the burden to show there are substantial changes in circumstances that *justify* modification of child support. *In re Marriage of Verhines*, 2018 IL App (2d) 171034, ¶ 51.

¶ 23    To illustrate that not all substantial changes warrant modification we look to *In re Marriage of Rash*, 406 Ill. App. 3d 381 (2010). In that case, "there [was] no question that respondent had a substantial change in his circumstances, in that he was permanently and totally disabled from gainful employment as a result of a motor vehicle accident." *Id.* at 388. However, this court found that the lower court did not abuse its discretion in denying respondent's petition to terminate his support obligation where respondent's income from his disability benefit was more than when he was in the workforce, and respondent failed to show his obligations increased, his children's needs decreased, or mother's income increased. *Id.* at 389.

¶ 24    Another example is *In re Marriage of Verhines*, 2018 IL App (2d) 171034, ¶¶ 92, 98, where the Fourth District found there was no substantial change in circumstances to warrant a reduction in child support although father's income decreased from his good-faith retirement. The court based its decision on the fact that father's other assets were sufficient to pay the existing child support obligation without jeopardizing father's financial security. See *id.* ¶¶ 92-98. It noted that in determining whether there has a been a substantial change in circumstances, the court "must

8

take a holistic view of the obligor's financial position to determine whether he has the resources to meet his existing obligation without unduly compromising his ability to meet his own needs." *Id.* ¶ 82.

¶ 25 In light of these decisions, we find an increase in David's income—alone—does not justify a roughly 21% decrease in child support, regardless of David's motivations in filing his motion to modify and good faith in closing his business. David did not allege that his financial obligations increased, his children's needs have decreased, or Karen's income increased. Rather, he relied solely on the changed circumstances of a roughly 25% increase in his monthly gross income to support his petition to modify. By alleging only an increase in his income, David shows that he remains capable of meeting his existing child support obligation without compromising his financial position. David fails to provide—and this court has not found—authority supporting the contention that an increase in obligor's income warrants equitable action from the court to decrease the child support obligation. Accordingly, the court did not abuse its discretion in denying David's motion to modify.

¶ 26                                    III. CONCLUSION

¶ 27 David's alleged significant increase in income did not constitute a substantial change in circumstances that warrant a decrease in child support. We therefore affirm.


¶ 28 Affirmed.