NOTICE

Decision filed 05/07/24. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

2024 IL App (5th) 230026-U

NO. 5-23-0026

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

NOTICE

This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

| | | |
|---|---|---|
| MEGAN MAGUIRE, | ) | Appeal from the |
| | ) | Circuit Court of |
| Petitioner-Appellee, | ) | Madison County. |
| | ) | |
| v. | ) | No. 09-D-995 |
| | ) | |
| EVAN MAGUIRE, | ) | Honorable |
| | ) | Maureen D. Schuette, |
| Respondent-Appellant. | ) | Judge, presiding. |

_____

JUSTICE BOIE delivered the judgment of the court.
Justices Welch and McHaney concurred in the judgment.

**ORDER**

¶ 1     *Held*:   The trial court erred in basing its calculation of the child support arrearage, in part, upon an order that had been vacated seven years earlier. The trial court did not abuse its discretion in ordering the noncustodial father to pay for a portion of the child's health, vision, and dental insurance premiums.

¶ 2     The respondent, Evan Maguire (Evan), appeals an order of the trial court modifying his child support obligation in response to his motion to review child support. The court ordered Evan to pay child support to the petitioner, Megan Maguire (Megan), in the amount of $420.13 per month. The court also ordered Evan to continue paying Megan an arrearage of unpaid child support he already owed her and to pay $130.25 towards health, vision, and dental insurance premiums for the parties' daughter. Evan appeals, arguing that the court erred by (1) calculating the arrearage owed based upon an order that it previously vacated; (2) ordering him to contribute to his

1

daughter's health, vision, and dental insurance premiums because a provision of the marital settlement agreement, which was incorporated into the dissolution judgment, required Megan to provide health and dental insurance for the child; (3) ordering him to contribute towards insurance premiums when he had not been provided with evidence of the amount Megan paid for the premiums; and (4) ordering him to pay more than 5% of his gross monthly income towards health, vision, and dental insurance premiums. We vacate the portion of the court's order addressing the arrearage and remand with directions. We affirm the order in all other respects.

¶ 3                                 I. BACKGROUND

¶ 4     The parties' daughter, Paige, was born in 2006. The parties married in 2007. They did not have any other children together.

¶ 5     In October 2009, the court entered a judgment dissolving the parties' marriage. The judgment incorporated the parties' marital settlement agreement. In pertinent part, the agreement provided that (1) Megan was to have sole custody of Paige; (2) Megan was to provide medical and dental insurance for Paige through her place of employment, if such coverage was available; (3) the parties were to share equally in the cost of any copays and uncovered medical and dental expenses; and (4) the issue of child support was reserved. Although the agreement called for Megan to provide medical and dental insurance, neither the agreement nor the judgment of dissolution addressed the parties' responsibility for paying premiums for that insurance.

¶ 6     On October 5, 2011, Megan filed a *pro se* motion to set child support. On February 15, 2012, the court entered an order finding Evan's net income to be $338.50 per week and setting child support at $67.70 per week.

¶ 7     On July 17, 2014, Megan filed a *pro se* pleading styled as a motion for child support. In it, she alleged that she had not received any of the child support Evan had been ordered to pay in

2

2012. Multiple attempts were made to serve process on Evan; however, the record indicates that after at least two attempts at service by mail, the summonses were returned with notices stating that they were undeliverable because Evan was not at those addresses and had not left a forwarding address.

¶ 8    On January 20, 2015, Evan filed a *pro se* motion to reduce child support. He alleged that his child support obligation of $67.70 per week was more than 50% of his income at the time.[1] Megan's prior motion addressing Evan's failure to pay child support was still pending at this time.

¶ 9    On February 4, 2015, the court entered an order in which it found that Evan's net income was $581.83 every two weeks and reduced his child support obligation from $67.70 weekly (or $135.40 every two weeks) to $116.37 every two weeks beginning February 1, 2015. The court also ordered Evan to pay $23.27 every two weeks towards the arrearage of child support he owed Megan.

¶ 10    In March 2015, Megan retained counsel. After entering his appearance on her behalf, counsel subpoenaed records of Evan's earnings from his employer and requested that the court enter an income withholding order.

¶ 11    The matter came for a hearing on September 16, 2015. Evan was not present at the hearing. We note that there is no indication in the record that he requested a continuance, and we further note that the record does not contain a transcript or bystander's report of the hearing. That day, the court entered an order addressing the child support arrearage. The court found that the total arrearage owed by Evan was $10,294.80 and ordered him to pay this amount, plus interest, at the rate of $23.27 every two weeks.

---

[1]In the motion, Evan also requested that the court set a visitation schedule, something that had not been addressed in the dissolution judgment. The court subsequently entered an order containing a visitation schedule agreed upon by the parties. Visitation is not at issue in this appeal.

¶ 12    Evan filed a *pro se* motion to vacate the September 16, 2015, order the same day. He alleged that the order failed to take into account payments he had made toward the arrearage prior to the date of the hearing.

¶ 13    On January 27, 2016, the court entered an order vacating the September 16, 2015, order. The court noted that the parties stipulated and agreed that, as of January 2016, the child support arrearage was $7821. The court incorporated this stipulation into its order. The court ordered Evan to pay this amount, plus interest, at the rate of $23.27 every two weeks along with his current child support obligation of $116.37 every two weeks.

¶ 14    On October 11, 2022, Evan filed the motion that led to the ruling at issue in this case, a *pro se* motion to "Review Child Support, Remove interest, [and] set support minus interest." He alleged that he no longer earned the amount of income upon which the previous support order was based. He requested that his obligation to pay interest on the arrearage be removed so he "may one day be current" on his support obligations. Evan did not make any specific allegations concerning his income at the time of the motion.

¶ 15    On November 15, 2022, the court entered an order setting Evan's motion for a hearing on January 3, 2023. The court ordered both parties to complete and file financial affidavits prior to the hearing. Evan did not file a request for a continuance. However, he did not appear at the hearing, and he did not file his financial affidavit prior to the hearing as ordered.

¶ 16    The court held the scheduled hearing on Evan's motion on January 3, 2023. That same day, the court entered an order containing the following findings: (1) Evan was in default for failing to appear; (2) an October 16, 2015, order found that Evan had a child support arrearage at that time of $10,294.80 (presumably referring to the September 16, 2015, order); (3) in addition to the arrearage, Evan was obligated to pay $21,761.19 in child support between October 2015 and

4

December 31, 2022; (4) the total amount he was obligated to pay during this period, including both the arrearage and monthly support, was $32,055.39;[2] (5) the total amount Evan paid during this period was $23,620.58, leaving an arrearage of $8434.81;[3] (6) during 2022, Megan earned $4666 per month and paid $328 per month for Paige's medical, dental, and vision insurance premiums; and (7) "based on information and belief," Evan was employed by Amazon earning $17.50 an hour, giving him a gross monthly income of $3033 per month.[4] Based upon these figures, the court set child support at $420.13 per month and ordered Evan to contribute $130.25 per month towards Paige's medical and dental premiums. The court further ordered Evan to pay $100 per month toward the arrearage and to submit his financial affidavit.

¶ 17     On January 17, 2023, Evan filed his financial affidavit with the court. In it, he stated that his 2022 gross income was $29,242.34 and that his year-to-date gross income for the first two weeks of 2023 was $1088.18. Attached pay statements from Amazon confirmed that Evan's gross income for the first two weeks of the year was $1088.18. The statements also showed that his hourly income was $16.50 per hour. However, Evan listed his gross monthly income as $660 per month in his affidavit. Although it is not clear why he wrote this, we note that his hourly wage of $16.50 an hour would provide a *weekly* gross income of $660, assuming a 40-hour work week.

---

[2]We note that the figure should be $32,055.99 ($10,294.80 plus $21,761.19 equals $32,055.99).

[3]We note that this figure is based on the slight miscalculation in the total mentioned above. It should be $8435.41 ($32,055.99 minus $23,620.58 equals $8435.41).

[4]We note that because Evan did not provide a financial affidavit or any documentation of his income until after the hearing and because the record does not include a transcript or bystander's report of the hearing, the basis of this finding is not entirely clear. We presume that Megan presented some evidence as to Evan's hourly pay rate. The documentation Evan eventually provided after the hearing shows that his hourly wage with Amazon was $16.50 per hour, not $17.50 per hour. Significantly, however, Evan did not ask the trial court to reconsider its factual findings, although while this matter was pending on appeal, he did file a motion asking the trial court to reconsider the decision to order him to pay a portion of Paige's health insurance premiums.

¶ 18    Initially, Evan did not ask the court to reconsider its earlier factual findings concerning his income. Instead, on the same day he filed his affidavit, he filed a timely notice of appeal from the court's January 3 order.

¶ 19    On February 21, 2023, while this case was pending before this court, Evan filed a motion with the trial court asking that court to reconsider the portion of the order directing him to contribute to Paige's health, dental, and vision insurance premiums. He argued that this ran afoul of the parties' agreement that Megan would provide insurance for Paige, one of the arguments he raises in this appeal. He also alleged that he was also providing insurance to Paige through his employer. The court entered an order staying the motion until the resolution of this appeal.[5]

¶ 20                              II. ANALYSIS

¶ 21    Before addressing Evan's contentions on appeal, we note that Megan has not filed a brief with this court. Because both the record in this case and the issues presented are simple enough to allow this court to resolve the issues involved without the aid of an appellee's brief, we will address Evan's claims. See *First Capitol Mortgage Corp. v. Talandis Construction Co.*, 63 Ill. 2d 128, 133 (1976). We now turn our attention to those claims.

¶ 22    Evan first addresses the portion of the order determining his child support arrearage, arguing that the court erred by relying on the September 2015 order that it later vacated. He next challenges the portion of the court's order requiring him to contribute to Paige's health, dental, and vision insurance premiums, arguing that (1) the court erred in ordering him to pay anything towards the premiums because this contravened the parties' settlement agreement, which was

_____

[5]Illinois Supreme Court Rule 303(a)(2) provides that "[w]hen a timely postjudgment motion has been filed *** a notice of appeal filed before the entry of the order disposing of the last pending postjudgment motion *** becomes effective when the order disposing of said motion *** is entered." Ill. S. Ct. R. 303(a)(2) (eff. July 1, 2017). This provision does not apply in the present case because Evan's February 21, 2023, motion to reconsider was untimely.

6

incorporated into the dissolution judgment; (2) the court erred by ordering these payments when Evan had not been provided with evidence as to the cost of the premiums; and (3) the court erred in ordering him to pay more than 5% of his gross income for medical, dental, and vision insurance premiums. We will consider these arguments in turn.

¶ 23                                   A. The Arrearage

¶ 24    First, Evan argues that the court erroneously relied on the order of September 16, 2015, which was vacated by the court, rather than the subsequent order of January 27, 2016. We agree.

¶ 25    It is apparent on the record before us that the January 2016 order, signed by Judge Alfield, was intended to supersede the earlier, vacated order. The difference between the court's findings as to the child support arrearage owed by Evan in each of the orders is more than $2400, which is not insignificant. On the record before us, it is impossible to discern how much of that difference is due to payments made in the time between the two orders and how much is due to payments Evan made prior to entry of the September 2015 order. While Judge Schuette's reliance on the wrong seven-year-old order is an understandable oversight, we believe that in the interest of fairness to both parties, we must vacate the portion of her order addressing the arrearage and remand this matter to allow the court to determine the amount of the arrearage based on the January 27, 2016, order.

¶ 26            B. Medical, Dental, and Vision Insurance Premiums

¶ 27    Evan next challenges the portion of the court's order directing him to pay $130.25 per month toward the medical, dental, and vision insurance premiums for Paige. He argues that (1) the court erred in ordering him to pay anything toward the premiums because the marital settlement agreement required Megan to provide this insurance; (2) the court could not order him to pay a portion of the premiums unless Megan provided him with evidence of the cost of the premiums;

7

and (3) the court erred in ordering him to pay more than 5% of his monthly gross income toward the premiums. We reject these contentions.

¶ 28   Before directly addressing Evan's arguments, a brief review of the applicable law will be helpful. The support of a minor child is the joint legal obligation of the parents. *In re Marriage of Hamilton*, 2019 IL App (5th) 170295, ¶ 115; *In re Marriage of Rash*, 406 Ill. App. 3d 381, 385 (2010). This obligation includes the responsibility of paying for a child's medical expenses. *Pirrello v. Maryville Academy, Inc.*, 2014 IL App (1st) 133964, ¶ 11; *Rash*, 406 Ill. App. 3d at 385.

¶ 29   Providing health insurance is an "integral element of the parents' support obligation." *Rash*, 406 Ill. App. 3d at 385. Thus, trial courts have the discretion to order one or both parents to pay medical, dental, and vision insurance premiums for the child. *Id.* at 385-86; see also 750 ILCS 5/505(a)(4)(A), (D) (West 2022). Likewise, trial courts have the discretion to order parents to initiate insurance for a child who is not already covered if such coverage becomes available to the parents at a "reasonable cost." 750 ILCS 5/505(a)(4)(C)(I) (West 2022). The applicable statute provides that a "reasonable cost for providing health insurance coverage for the child may not exceed 5% of the providing parent's gross income." *Id.* § 505(a)(4)(G).

¶ 30   Where, as here, one parent provides insurance for the child and the other parent is ordered to contribute to the cost of the premiums, the cost of the insurance is to be allocated between the parents according to their respective incomes. *Id.* § 505(a)(4)(D). If the parent paying child support is providing insurance and paying the premiums, that parent's share of the premiums shall be deducted from the basic child support. If, as in this case, the parent receiving child support is providing insurance and paying the premiums, the other parent's share of the premiums shall be added to the amount of basic child support ordered. *Id.* § 505(a)(4)(E).

8

¶ 31    Courts enjoy broad discretion in all matters involving child support. *Clark v. Lay*, 2022 IL App (4th) 220101, ¶ 26. There is a rebuttable presumption that child support calculated in accordance with the statutory guidelines is proper. 750 ILCS 5/505(a)(3.3) (West 2022). We will reverse the court's decisions concerning child support only if we find that the court abused its discretion. *Hamilton*, 2019 IL App (5th) 170295, ¶ 114.

¶ 32    In support of his contention that the court erred in ordering him to pay anything at all toward Paige's insurance premiums, Evan points to the provision in the marital settlement agreement requiring Megan to provide such insurance through her place of employment. As we mentioned previously, the agreement, which was incorporated into the dissolution judgment, did not expressly address the parties' respective obligations to pay any portion of the premiums not paid by Megan's employer. More importantly, courts are not bound by agreements between the parties concerning child support. *In re Marriage of Singleteary*, 293 Ill. App. 3d 25, 34 (1997). Further, where an agreement concerning child support is incorporated into a judgment, as the parties' agreement was in this case, its provisions cannot be made to be unmodifiable. *Id.* Thus, the court had the discretion to modify any provision of the parties' agreement relating to child support, including the provision addressing medical and dental insurance.

¶ 33    Evan asserts, however, that there has been no substantial change in circumstances to justify a modification of the provision. See 750 ILCS 5/510(a)(1) (West 2022) (providing that a child support order may be modified "upon a showing of a substantial change in circumstances"). We are not persuaded for three reasons.

¶ 34    First, the record before us does not reveal what evidence Megan presented at the January 2023 hearing on Evan's motion concerning any changes in her circumstances. It was Evan's burden, as the appellant in this matter, to provide this court with a record on appeal that is adequate

9

to support his claims of error. Any doubts created by gaps in the record will be resolved against him and lead to the presumption that the trial court's decision was correct. *Clark*, 2022 IL App (4th) 220101, ¶ 39 (citing *Foutch v. O'Bryant*, 99 Ill. 2d 389, 394 (1984)).

¶ 35    Second, it was Evan who requested a modification of child support in the first place. His current claim that no substantial change in the parties' circumstances exists is inconsistent with his earlier implicit position that such a change did occur. See *In re Stephen K.*, 373 Ill. App. 3d 7, 25 (2007) (explaining that parties are estopped from taking legally inconsistent positions at trial and on appeal).

¶ 36    Third, even the limited record before us demonstrates that a substantial change in circumstances did occur. Evan's income nearly doubled from $581.83 every two weeks in January 2016, when the court entered its last child support order, to $1088.18 every two weeks in January 2023, when the court entered the order at issue in this case. We cannot find that the court abused its discretion in ordering Evan to pay a portion of the medical, dental, and vision insurance premiums Megan pays for Paige.

¶ 37    Evan next contends that the court should not have ordered him to contribute to the cost of the premiums because Megan did not provide him with evidence of the cost. We disagree.

¶ 38    As Evan correctly contends, a parent who requests that the amount of child support be adjusted to reflect the parties' responsibility for payment of premiums, that parent must submit evidence that the child is enrolled in a health insurance plan along with proof of the cost of the premiums. 750 ILCS 5/505(a)(4)(F) (West 2022). Here, the record includes Megan's financial statement and a copy of one of her pay statements showing a deduction from her paycheck for health insurance. In addition, as we have discussed previously, the record does not contain a transcript from the hearing. Thus, we do not know what testimony or additional evidence Megan

10

might have provided at that hearing. Absent an indication to the contrary in the record, we presume the trial court knew and correctly applied the law and that it considered the evidence before it in making its decision. See *People v. Gaultney*, 174 Ill. 2d 410, 420 (1996); *Foutch*, 99 Ill. 2d at 391-92. Here, nothing in the record indicates that the court did not properly apply the law or that it based its findings on something other than a consideration of evidence properly presented to it at the hearing. We therefore reject Evan's claim of error.

¶ 39    Finally, Evan challenges the amount the court ordered him to pay towards Paige's premiums, arguing that it cannot be considered a "reasonable cost" because it exceeds 5% of his gross income. We disagree.

¶ 40    We first note that the statute governing child support does not expressly prohibit ordering one parent to contribute to the premiums actually paid by the other if they exceed the 5% threshold. As we explained earlier, the statute authorizes courts to order a parent to initiate insurance if it is available to the providing parent at a "reasonable cost." See *id.* § 505(a)(4)(A) (providing that the court may order parents to initiate health insurance for the child "through currently effective health insurance policies held by the parent"); *id.* § 505(a)(4)(C)(I) (providing that the court may order parents to purchase insurance for the child if it becomes available at "a reasonable cost"). As we also explained, a "reasonable cost" is defined as no more than 5% of the providing parent's income. *Id.* § 505(a)(4)(G). The applicable statute further provides that if the court addresses health insurance in its order, the cost of the premiums "shall be allocated between the parents in proportion to their respective net incomes," as the court did here. *Id.* § 505(a)(4)(D). We need not determine whether an individual parent's contributions must be no more than 5% of his income, however, because as the record currently stands, it does not support Evan's assertion that he was ordered to pay more than 5% of his gross income.

11

¶ 41　As we discussed previously, the court found that Evan's gross monthly income was $3033. Five percent of $3033 is $151.65, which is more than Evan was ordered to contribute. Although the evidence he belatedly provided after the hearing suggests his income may be somewhat lower than that, Evan never asked the court to revisit this factual finding, and he does not argue on appeal that the court's finding was against the manifest weight of the evidence.

¶ 42　As we mentioned earlier, however, Evan did file a motion asking the court to revisit its ruling on medical, dental, and vision insurance premiums after he filed his notice of appeal. Although he did not raise this precise issue in that motion, the court might choose to consider the evidence of his income that he provided after the hearing and any additional evidence he might provide concerning his income and the allegation he made in the motion that he now provides secondary health insurance for his daughter through Amazon. We emphasize that Evan's income is a factual finding that the trial court is in a better position to make than is this court. Should the court revisit its earlier finding in view of any new evidence it allows Evan to provide, it would recalculate Evan's support obligations, including his obligation to contribute to the insurance premiums, thereby rendering this question moot. As the record currently stands, however, the court allocated the premiums between Megan and Evan in proportion to its findings concerning their respective incomes, as required by statute. Thus, we find no abuse of the court's discretion on the record before us.

¶ 43　　　　　　　　　　　　III. CONCLUSION

¶ 44　For the foregoing reasons, we vacate the portion of the trial court's order addressing the child support arrearage and remand the matter for further proceedings on that issue consistent with this decision. We affirm the order in all other respects.

¶ 45　Affirmed in part and vacated in part; cause remanded for further proceedings.